Mr. Chief Justice Sharkey
delivered the opinion of the court.
The appellant filed this bill in the superior court of chancery, to get rid of a forthcoming bond, which he had signed as surety for one Beck. The bill alleges that, after the judgment, but-before the execution and forfeiture of the bond, Baxter, the plaintiff in the case, had died. The question is, therefore, was this a void bond, having been given in favor of one who was not in being 1
The chancellor seems to have confined his investigation to the validity of the execution, and having concluded that it was not void, but conferred authority to levy, came also to the conclusion that the bond was valid. The question investigated seems to us to be immaterial, inasmuch as it may be true that the first .execution was regular, or at least not void, and still it may be also true that the bond was void. The technical definition of a bond shows that it is “ a deed in writing, whereby one man doth bind himself to another to pay a sum of money, or do some other thing. And he that makes this deed is called the obligor, and he to whom it is made is called the obligee.” Sheppard’s Touchstone, 367. We must reject part of this definition, or hold that this was not a valid bond. There was no obligee. *289 As well might it have been made to a fictitious person, or the name of an obligee might as well have been omitted. After diligent search, we find no case in which a similar question has been raised.
The forfeiture of a forthcoming bond gives it the force and effect of a judgment, but a judgment in favor of a party who had died, would be void; can a statutory judgment be any better? It may be asked, how should a bond be given in such cases? Assuming that none could be given, it is not for us to prescribe a remedy. But perhaps the bond should have been given in the name of the administrator. If by this defective bond, the debt should be lost, the case would be a hard one; and yet the administrator is not blameless. It was his business to see that a good bond had been given. We think, therefore, that the demurrer should have been disallowed, and the party put upon his answer, when, if the facts are sustained, the complainant may be entitled to the relief sought.